# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT MELTON,<br><br>Defendant. | Case No. CR14-0024<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of March, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 25, 2014, Defendant Robert Melton was charged by Indictment (docket number 2) with bank robbery. At the arraignment on February 27, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 28, 2014. Defendant waived his right to a detention hearing, subject to his ability to request and receive a prompt hearing at a later time. On March 5, 2014, Defendant asked for a detention hearing, and a hearing was scheduled on March 6, 2014.

Special Agent Thomas Reinwart of the Federal Bureau of Investigation testified regarding the circumstances underlying the instant charge. On January 17, 2014, a person robbed the Solon State Bank in Ely, Iowa. The suspect, whose face was covered, wore a blue hard hat, heavy coat, jeans, and gloves. He was carrying a lunch pail. The suspect

approached the teller and handed her a note, demanding money. The teller put cash in the lunch pail and the suspect left.

A witness in the drive through area of the bank saw the person leaving and followed him. The suspect entered a vehicle, and the witness called in the license plate to authorities. Defendant was stopped driving a vehicle with the same license plate a short time later. Clothing matching the description of the suspect was found in the vehicle. Also found was a substantial amount of cash, including 25 $20 bills whose serial numbers had been previously copied and maintained by the bank (so-called "bait bills"). When Defendant was interviewed by law enforcement, he admitted robbing the bank, saying that he needed the cash because of his addiction to K2, a synthetic marijuana.

Defendant is 50 years old. He was born and raised in Cedar Rapids and has lived here all of his life. Defendant was married from 1990 to 1994 and has a 23-year-old daughter from that marriage. Prior to his arrest, Defendant was living with his daughter in Cedar Rapids. Defendant also has a 4-year-old son from a relationship with Shelly Cairns. Ms. Cairns told the pretrial services officer that she lived with Defendant until mid-2013, when she moved out due to his drug use.

From 2002 (when he was released from prison) to 2013, Defendant was employed by a construction company. He was fired from that employment, however, because he got into an argument with a customer. Defendant is now employed on a seasonal basis by a painting company. He is currently laid off and receiving $1,600 per month in unemployment benefits.

Defendant suffers from back, knee, and elbow pain due to past injuries, and is prescribed medication for high blood pressure. He also takes medication for anxiety, and was briefly hospitalized in the summer of 2013 for what he described as "a mental breakdown."

Defendant admits using marijuana and cocaine on a regular basis in the 1990s, but denied using those substances since he was released from prison in 2002. He also reported the occasional use of methamphetamine in the past, but denied using since he was released from prison. Defendant admitted, however, that he has used synthetic marijuana (K2) on a daily basis since 2010, except those times when he has custody of his son.

In 1982, at age 19, Defendant was convicted of trespass and operating a motor vehicle without the owner's consent. Nine years later, in 1991, Defendant was convicted of delivery of a controlled substance. On September 11, 1994, Defendant was charged with possession of a controlled substance and disorderly house. Two weeks later, on September 25, he was charged with possession of a controlled substance and accessory after the fact. On February 13, 1995, Defendant received a suspended 60-day jail term and 1 year of probation on the latter charges.

On February 26, 1995, less than two weeks after receiving probation in Linn County, Defendant was charged in Kay County, Oklahoma, with possession of marijuana with intent to deliver. Officers located 20 bricks of marijuana weighing a total of 50 pounds in a car Defendant was driving. Records reflect Defendant failed to appear on the Oklahoma charge, but was arrested on March 11, 1996. He was subsequently sentenced to five years in prison, with all but six months suspended.

In 1995, Defendant was convicted of driving under suspension, with a possession of marijuana charge dismissed. In 1997, Defendant was convicted of driving under suspension and driving while barred. In 1998, Defendant was convicted of possession of a controlled substance.

On October 1, 1999, Defendant entered the Iowa State Bank in Iowa City and passed a note to the teller which stated "give me all your money and nobody gets hurt." The teller gave Defendant $4,860 in cash and he left the building. A warrant was issued for his arrest on October 7 and Defendant turned himself in on October 12. Defendant told

authorities that he committed the offense because he needed money for cocaine. On March 10, 2000, Defendant was sentenced to 40 months in prison. He began a term of supervised release on October 3, 2002 and was discharged from supervised release on March 5, 2004. In the last ten years, Defendant's only conviction has been for a simple misdemeanor theft in November 2012.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

4

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with bank robbery. This is a crime of violence. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

The weight of the evidence against the Defendant could hardly be stronger. Law enforcement officers stopped Defendant's vehicle shortly after the robbery, based on information provided by a witness. Cash from the robbery was found in Defendant's vehicle, together with clothes matching a description of the robber. When interviewed by law enforcement, Defendant admitted committing the robbery.

Defendant has substantial ties to the Cedar Rapids community. He was born in Cedar Rapids and has lived here all of his life. Prior to his arrest, Defendant was living with his 23-year-old daughter, and he also has a 4-year-old son living in Cedar Rapids. Defendant has maintained employment since being released from prison in 2002, although he is currently laid off from seasonal employment as a painter. The Court does not believe Defendant poses a risk of flight beyond that posed by any defendant facing a federal prison term.

The Court is concerned, however, regarding Defendant's past criminal record, his active drug use, and his apparent mental instability. Apparently due to his addiction to synthetic marijuana, there is strong evidence that Defendant robbed the Solon State Bank. This is not the first time Defendant has taken the rather dramatic step of robbing a bank. In addition to being an active drug user, Defendant also suffers from apparent mental instability, having suffered a "mental breakdown" in the summer of 2013. Due to his erratic behavior, drug addiction, and mental health concerns, the Court believes his release poses a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no

condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from Defendant's oral request for a detention hearing (March 5, 2014) to the filing of this Ruling (March 7, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of March, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA